**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In the Matter of: YAN SUI,<br><br>Debtor,<br><br>---<br><br>YAN SUI,<br><br>Appellant,<br><br>v.<br><br>DAVID M. GOODRICH,<br><br>Appellee. | No. 13-55879<br><br>D.C. No. 8:12-cv-01961-MWF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted June 25, 2014[**]

Before:     HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Yan Sui appeals pro se from the district court's judgment affirming the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

bankruptcy court's order dismissing Sui's claims against David M. Goodrich, who the bankruptcy court appointed as general counsel for the bankruptcy trustee. We have jurisdiction under 28 U.S.C. § 158(d). We review independently the bankruptcy court's decision without deference to the district court's determinations. *Leichty v. Neary (In re Strand)*, 375 F.3d 854, 857 (9th Cir. 2004). We review de novo the bankruptcy court's conclusions of law and for clear error its factual findings. *Id.* We affirm.

Contrary to Sui's contentions, the bankruptcy court had jurisdiction over the removed state law claims against Goodrich because they concerned the administration of the bankruptcy estate. *See* 28 U.S.C. § 157(b) (bankruptcy courts may hear and determine "core proceedings," which includes matters concerning the administration of the estate); *Harris v. Wittman (In re Harris)*, 590 F.3d 730, 736-739 (9th Cir. 2009) (bankruptcy court had subject matter jurisdiction to adjudicate debtor's state law claim against the trustee and trustee's counsel concerning the administration of the estate).

The bankruptcy court properly determined that Goodrich was entitled to quasi-judicial immunity for the acts alleged in the complaint. *See In re Harris*, 590 F.3d at 742 (bankruptcy trustees and court-approved attorneys for the trustee are entitled to broad immunity from suit for actions within the scope of their authority

and pursuant to court order).  Because we affirm dismissal on this ground, we do not reach the other issues that Sui raises on appeal.

Sui's motion to strike portions of Goodrich's excerpts of record is granted in part.  The Clerk shall strike Exhibit 14.

**AFFIRMED.**